IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JESSYCA REDLER and<br>BRYAN REDLER,<br><br>  Plaintiffs,<br><br>v.<br><br>MARRIOTT OWNERSHIP RESORTS<br>(ST. THOMAS), INC. d/b/a<br>MARRIOTT FRENCHMAN'S COVE,<br><br>  Defendant. | CIVIL NO.: 3:14-CV-017<br><br>JURY TRIAL DEMANDED |

MOTION TO DISMISS COUNT II OF
PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a MARRIOTT FRENCHMAN'S COVE, ("MARRIOTT"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby files its Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint [DE 7] and states:

Summary of the Argument

This case involves a guest at Marriott who alleges she was injured while lounging by the pool when she was hit by an umbrella pole. The Second Amended Complaint against Marriott alleges a Breach of Implied Warranty of Fitness of the Premises for Use (Count II), which under these facts, is not a cognizable claim under Virgin Islands law and is properly dismissed.

## Memorandum of Law

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of complaints when the complaint "fails to state a claim upon which relief can be granted." Further, Rule 12(b)(6) motions test the sufficiency of the pleadings and are designed to "screen out cases" in which there is no remedy for the wrong alleged or no relief could possibly be granted. *Port Auth. of New York and New Jersey v. Arcadian Corp.,* 189 F.3d 305 (3d Cir.1999). Motions to dismiss may allege that the complaint fails to state sufficient facts to establish a plaintiff's entitlement to relief, or that the complaint states a legal theory that is not cognizable as a matter of law. *See Bertrand v. Cordiner Enterprises, Inc.*, 2010 WL 2507305, at *2 (V.I. Super. 2010).

When analyzing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must take note of the elements in order for the Court to be aware of each item the plaintiff must sufficiently plead. *Brady v. Cintron*, 2011 WL 4543906, *9 (V.I. Sept. 27, 2011). Second, the Court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* These conclusions can take the form of either legal conclusions couched as factual allegations or naked [factual] assertions devoid of further factual enhancement. *Id.* Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id.* If there are

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

sufficient remaining facts that the court can draw a reasonable inference that the defendant is liable based on the elements noted in the first step, then the claim is plausible. *Id.*

**B. Plaintiffs' Allegation of Breach of Implied Warranty of Fitness of the Premises for Use (Count II) Fails to State Any Factual or Legal Basis for Relief.**

As alleged in Plaintiffs' Second Amended Complaint, Plaintiffs' claim of implied warranty (Count II) is not recognized under Virgin Islands law. *See Vanderwall v. Marriott Ownership Resorts (St. Thomas), Inc.*, 2013 WL 4482454, at *13 (D.V.I. Aug. 20, 2013) "Implied warranties arise by operation of law." *See id.* Virgin Islands law recognizes implied warranties for a particular purpose, V.I.Code Ann. tit. 11a, § 2-314; the implied warranty of good workmanship, Restatement (Second) of Property §§ 12.2, 19.1; Restatement (Third) of Property (Servitudes) § 6.20; and the implied warranty of habitability, Restatement (Second) of Property §§ 5.1-5.6, 17.6.

As to the implied warranty of fitness for a particular purpose, which is the implied warranty Plaintiffs appear to be asserting in Count II, the Virgin Islands Statute specifically states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the ***goods*** are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

V.I. Code Ann. tit. 11a, §2-315. (emphasis added).

The Virgin Islands has adopted the UCC to govern the sales of goods. *See* V.I. Code Ann. tit. 11A, § 1–101, et seq. (2012). The UCC "applies to transactions in

3

goods". *See* V.I. Code Ann. tit. 11A, §§ 2– (2012). Goods are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale . . . investment securities . . . and things in action." V.I. Code Ann. tit. 11A, § 2–105 (1). "The UCC does not, however, 'govern agreements to provide services.'" *Whitecap Investment Corp. v. Putnam Lumber & Export Company*, 2013 WL 2365406, at *2 (D.V.I. May 30, 2013) (citing *In re Merritt Logan, Inc.,* 901 F.2d 349, 361 (3d Cir.1990)); *See also Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.,* 987 S.W.2d 50, 53 (Tex.1998) (noting need for an implied warranty does not exist where other adequate remedies are available)*.*

This Court has recently rejected a guest's claim against Marriott for breach of implied warranty and held that such a claim is not recognized under Virgin Islands law. *See Vanderwall*, 2013 WL 4482454, at *1. Specifically, in *Vanderwall*, the plaintiff alleged that she entered into a contract with the defendant, Marriott Ownership Resorts, for a timeshare interest in the Frenchman's Cove Condominium. *Id.* Several years later, the plaintiff arrived in St. Thomas for a vacation in her timeshare unit. *Id.* The safe in the unit malfunctioned and defendant's employee came to fix the safe. *Id.* The *Vanderwall* plaintiff later could not find her wedding ring and claimed that defendant's employee allegedly stole the wedding ring from plaintiff's safe. *Id.* The plaintiff filed suit alleging, *inter alia*, breach of warranty. *Id.* at *2. In dismissing the breach of warranty claim, this Court held:

> The plaintiffs' amended complaint does not assert a breach of any warranty recognized under Virgin Islands law. Indeed, the plaintiffs'

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

>allegations do not **involve the sale of goods**. The allegations do not involve the quality of any construction or repair. Further allegations do not involve leased premises. **Even if Virgin Islands law recognized an implied warranty to "provide a safe and secure environment" as alleged in the amended complaint, there is no indication in the complaint as to how that presumed warranty arose,** or how [the defendant] breached it…plaintiffs' have plead nothing more than a conclusory allegation…

*Id.* (Emphasis added). Here, Plaintiffs allege that Marriott breach an implied warranty of fitness for the premises for use. As in *Vanderwall*, despite the different phraseology, implicit in Plaintiffs' Count II is the presumption that Marriott somehow contracted to provide a "safe and secure environment" by purportedly warrantying "that the premises and all furniture and fixtures…are reasonably fit for use and accommodation." *See* [DE 7] ¶ 45. And, as in *Vanderwall*, Plaintiffs' claim is without merit.

Furthermore, *assuming arguendo,* that this Court was to recognize the implied warranty claimed by Plainitffs, their claim as to how it presumably arose is still without any legal basis. Plaintiffs claim that "[i]mplied in every *such contact for overnight accommodations* is the warranty that the premises and all furniture and fixtures…are reasonably fit for use…" *See* [DE 7] ¶ 45 (emphasis added). However, it is clear that the contract between Plaintiffs and Defendant is a service contract for overnight accommodations; <u>not</u> contract for providing goods. *See Richardon v. Bigelow Management, Inc.,* 2007 WL 1139775, at *5 (Tex. App. Apr. 18, 2007)("[R]ental of a motel room is not a 'good' as . . . for purposes of an implied warranty of fitness for a particular purpose."). Such a contract is not for the sale of a movable good as overnight accommodations are not movable at the time of

5

identification. *See id.* Therefore, under *Vanderwall*, the UCC and, by extension, the implied warranty of fitness for a particular use do not apply to the contract in this case. Accordingly, as a matter of law, Plaintiffs' Count II should be appropriately dismissed as there is no legal or factual basis for the breach of warranty asserted.

**WHEREFORE** Defendants, MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a MARRIOTT FRENCHMAN'S COVE, respectfully request that this Court grant the instant Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint and grant any further relief that this Court deems just and proper.

Dated: March 21, 2014        Respectfully submitted,

/s/ Niva M. Harney-Hiller
JENNIFER QUILDON MILLER, ESQ.
V.I. Bar No. 1109
NIVA M. HARNEY HILLER, ESQ.
V.I. Bar No. 1224
CHIVONNE THOMAS JONES, ESQ.
V.I. Bar No. 1168
Counsel for Defendant
Hamilton, Miller & Birthisel, VI P.C.
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
Telephone 305-379-3686
Telefax 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Niva M. Harney-Hiller<br>
Niva M. Harney-Hiller

## SERVICE LIST

Karin A. Bentz, Esq.,  
Gregory Adam Thorp, Esq.,  
Karin A. Bentz P.C.  
5332 Raadets Gade, Suite 3  
St. Thomas, VI 00802-6309  
Telephone: 340-774-2669  
Facsimile: 340-774-2665  
Email: kbentz@virginlaw.com

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA  33131 • 305-379-3686 • FAX 305-379-3690