IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JESSYCA REDLER and BRYAN REDLER, | ) ) ) |
| Plaintiffs, | ) CIVIL NO.: 3:14-CV-017 ) ) |
| | ) JURY TRIAL DEMANDED |
| MARRIOTT OWNERSHIP RESORTS (ST. THOMAS), INC. d/b/a MARRIOTT FRENCHMAN'S COVE, | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO SET REASONABLE FEES
FOR DEPOSITIONS OF TREATING/EXPERT DOCTORS**

Defendant, Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Marriott Frenchman's Cove ("Marriott"), by and through undersigned counsel and pursuant to the applicable rules of the Federal Rules of Civil Procedure 26(b)(4)(E), hereby files its Motion to Set Reasonable Fees for Depositions of Plaintiffs' Treating/Expert Doctors, and in support thereof states as follows:

1. This is an action by Plaintiffs, JESSYCA REDLER and BRYAN REDLER ("Plaintiffs') for personal injuries allegedly sustained while vacationing at the Marriott on or about April 15, 2012.

2. Pursuant to this Court's Order entered on March 19, 2015 [D.E. 121], all discovery including expert depositions shall be completed by May 19, 2015.

3. Plaintiffs have disclosed four (4) expert witnesses whose depositions have been noticed by Marriott [*See* D.E. 131, 132, 133, 134]. Marriott intends to take the deposition of Plaintiffs experts as follows:

CIVIL NO.: 3:14-CV-017

    a. Dr. C.J. Abraham, Professional Engineer on April 22, 2015;

    b. Dr. Neal McGrath, Neuropsychologist on May 5, 2015;

    c. Dr. Alan Ashare, Radiologist on May 6, 2015; and

    d. Dr. Mathew D. Gold, Neurologist on May 4, 2015.

4. On March 27, 2015, Plaintiffs produced a Statement for fees for Dr. Abraham in connection with his deposition. Therein, Dr. Abraham demanded Marriott remit payment of $5,500.00 in connection with his deposition on April 22, 2015. Specifically, he seeks payment for his review and preparation for the deposition in the amount of $1,500.00, and $4,000.00 for the actual deposition. *See* Exhibit A.

5. On March 31, 2015, Plaintiffs produced a fee schedule for the deposition of Dr. Ashare. The schedule indicates his fees for his deposition is $3,750.00, and for review of records and reports $750.00 per hour. *See* Exhibit B.

6. On April 6, 2015, Plaintiffs produced a fee schedule for the deposition of Dr. McGrath. The schedule indicates the fees for deposition is $395/hour which are comparable to similarly situated neuropsychologists[1]. *See* Exhibit C.

7. Marriott respectfully submits that Dr. Abraham and Dr. Ashare's fees are excessive, unreasonable, and out of line with the rates charged by similar situated professionals. Additionally, Marriott submits that it is not responsible for any fees whatsoever in connection with Plaintiffs' experts' preparation for their respective depositions.

---

[1] Marriott is not contending that Dr. McGrath's deposition fee per hour is unreasonable.

2

CIVIL NO.: 3:14-CV-017

8. Marriott has conducted research of fees charged by other comparable respected available experts. The hourly rate charged for depositions by professional engineers similar to Dr. Abraham are approximately $375/hr. *See* Exhibit D.

9. The hourly rate charged for depositions by radiologists similar to Dr. Ashare are approximately $750/hr. *See* Exhibit E.

10. Virgin Islands law is clear that the retaining party bears the burden of establishing that the requested fees of an expert are reasonable. *See e.g. V.I. Port Auth. v. Callwood*, 2014 WL 3508574, at *2 (V.I. Super. July 9, 2014) (holding plaintiff did not meet its burden of establishing that its expert deposition fees seeking $3,000.00 for a "minimum deposition fee" and $1,000.00 for "preparation fee" and were reasonable).

11. In determining whether a fee request pursuant to Rule 26(b)(4)(E) is reasonable, and to " ensure that the deposing party will not be unfairly burdened by excessive ransoms which produce windfalls for the retaining party or its experts" the Court considers seven criteria:

> (1) the witness's area of expertise;
> (2) the education and training required to provide the expert insight that is sought;
> (3) the prevailing rates of other comparably respected available experts;
> (4) the nature, quality, and complexity of the discovery responses provided;
> (5) the fee actually charged to the party who retained the expert;
> (6) fees traditionally charged by the expert on related matters; and
> (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26.
> These factors guide the Court in its determination of reasonableness and "ensure that the deposing party will

3

CIVIL NO.: 3:14-CV-017

not be unfairly burdened by excessive ransoms which produce windfalls for the retaining party or its experts."

*Id.* at 2.

12. On April 3, 2015, the undersigned sent correspondence to Plaintiffs' counsel advising that it anticipated each expert's deposition would last three (3) hours and requested their experts provide reasonable deposition fee statements based on same. *See* Exhibit F.

13. To date, plaintiffs have failed to provide their experts reasonable fee statements.

14. Accordingly, Marriott respectfully requests an Order fixing Dr. Abraham and Dr. Ashare's fees to a reasonable amount in light of the upcoming depositions.

15. This request is being made in good faith and not for any improper purpose or to unreasonably delay resolution of this matter.

16. Undersigned attempted to resolve these issues without the Court's intervention but has been unsuccessful in resolving same.

**WHEREFORE,** Defendant, Marriott Ownership Resorts (St. Thomas), Inc. d/b/a Marriott Frenchman's Cove, respectfully requests this Honorable Court enter an Order compelling all plaintiffs experts including, Dr. Abraham and Dr. Ashare to appear for their depositions for a reasonable fee and such other and further relief this Court deems just and proper.

[SIGNATURE OF COUNSEL AND CERTIFICATE OF SERVICE ON NEXT PAGE]

HAMILTON, MILLER & BIRTHISEL, VI P.C.
A U.S. VIRGIN ISLANDS PROFESSIONAL CORPORATION
MAILING ADDRESS: 150 SOUTHEAST SECOND AVENUE, SUITE 1200, MIAMI, FLORIDA 33131 • 305-379-3686 • FAX 305-379-3690

CIVIL NO.: 3:14-CV-017

Respectfully submitted,

/s/ *Schuyler A. Smith*
Jennifer Quildon Miller, Esq.
V.I. Bar No. 1109
Schuyler A. Smith, Esq.
V.I. Bar No. 1271
Hamilton, Miller & Birthisel, VI P.C.
Counsel for Defendant
150 Southeast Second Ave., Suite 1200
Miami, Florida 33131
Telephone 305-379-3686
Telefax 305-379-3690

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ *Schuyler A. Smith*
Schuyler A. Smith

**SERVICE LIST**

Karin A. Bentz, Esq.
Gregory Adam Thorp, Esq,
Karin A. Bentz P.C.
5332 Raadets Gade, Suite 3
St. Thomas, VI 00802-6309
Telephone: 340-774-2669
Facsimile: 340-774-2665
Email: kbentz@virginlaw.com

5