**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JESSYCA REDLER; BRYAN REDLER, ) | Case No. 3:14-cv-00017-CVG-RM |
| ) | |
| Plaintiffs, ) | Action for: Negligence/Personal |
| ) | Injury; Breach of Contract |
| v. ) | |
| ) | Jury Trial Demand |
| MARRIOTT OWNERSHIP RESORTS ) | |
| (ST. THOMAS) INC. d/b/a MARRIOTT ) | |
| FRENCHMAN'S COVE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFFS' MOTION FOR RULE 26 EXPERT DISCOVERY SANCTIONS AGAINST DEFENDANT**

**Come Now**, **Jessyca Redler** and **Bryan Redler**, by and through undersigned counsel, the **Law Offices of Karin A. Bentz, P.C.** (Karin A. Bentz, Esq. and Gregory Adam Thorp, Esq.), and, pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(ii), make this Plaintiffs' Motion for Rule 26 Expert Discovery Sanctions Against Defendant.

**Facts**

Jessyca Redler brought this suit over injuries alleged to have occurred at Marriott Frenchman's Cove on St. Thomas. She alleges that she was hit in the head by a large shade umbrella installed by Defendant at the pool on the resort property. She alleges that Defendant failed to warn and that Defendant either failed to install the umbrella so that it was safe or failed to maintain the umbrella such that its continued use as installed was safe. She alleges that the wind blew the umbrella over and that it hit her in the head causing a concussion; she further alleges that her doctors diagnosed her with post concussive syndrome/a mild traumatic brain injury.

In this matter, Plaintiffs have identified three expert witness, Carl Abraham, Ph.D.; Alan Ashare, M.D.; and Neal McGrath, Ph.D. The last of Plaintiffs' expert reports was served on April 6, 2015.

Defendants served its Third Supplemental Expert Witness Disclosure (Doc. 173) providing Dr. James Nelson's Supplemental Report on June 5, 2015, 60 days after the service of Plaintiffs' last expert report. A copy of Dr. Nelson's initial report, drafted in October 2014, is attached as **Exhibit 1**, and a copy of his supplemental report is attached as **Exhibit 2**. In his initial report, Dr. Nelson

Redler v. Marriott Int'l  Case No. 3:14-cv-00017-CVG-RM
Plaintiffs' Motion for Rule 26 Expert
Discovery Sanctions Against Defendant  Page 2

stated "I would appreciate it if you would forward any other medical and/or hospital records so that I might review and comment upon them to you in a supplemental report." Dr. Nelson's supplemental report addresses exclusively the additional medical records.

### **Argument**

Federal Rule of Civil Procedure 26(a)(2) provides that a party must disclose its expert report "containing 'a **complete** statement of all opinions the witness will express and the basis and reasons for them.'" *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 297 (3d Cir. 2012) (quoting Fed. R. Civ. Pl. 26(a)(2)(B)(I)) (emphasis in original). A party omits evidence at their own risk. Id. (citations omitted). Federal Rule of Civil Procedure 26(a)(2)(D) provides that an expert report must be served at least 90 days before trial, unless a different date is set by court order; and in cases of a report "intended solely to contradict or rebut evidence on the same matter identified by another party under Rule 26(a)(2)(B) or ©" that report is due 30 days after the other party's report was served. Five factors must be considered when determining the appropriate discovery sanction. *ZF Meritor*, 696 F.3d at 298. These are 1) the prejudice or surprise in fact of the opposing party, 2) the ability to cure any prejudice, 3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial, 4) any bad faith or willfulness on the party who made the late disclosure, and 5) the importance of the evidence. *Id.* (citations omitted).

Here, the report was at least 30 days late by any calculation, it is 60 days after service of any report for which it could be meant to rebut and approximately 60 days prior to trial, 30 days after the 90 day deadline. Therefore it is untimely. Moreover, the report did not rebut any evidence brought up by any of Plaintiffs' experts; it was simply a report including information that should have been included in the original report. Specifically, the report only adds a review of records that were available to Defendant at the time the initial report was written, as Ms. Redler had identified her treating physicians, identified her primary care physician, provided HIPPA compliant release to Defendant, and produced numerous medical records that indicated visits with other doctors. As such, the report was not timely and is subject to exclusion.

Redler v. Marriott Int'l  Case No. 3:14-cv-00017-CVG-RM
Plaintiffs' Motion for Rule 26 Expert
Discovery Sanctions Against Defendant  Page 3

Plaintiffs are prejudiced by the late disclosure of this supplemental report because it has harmed their ability to depose Dr. Nelson. In particular, Dr. Nelson completely changed his opinion from the first report to the second report. Had this been disclosed before close of discovery, Plaintiffs would have certainly deposed Dr. Nelson. The Court's trial management orders set the deadline for all discovery to be completed by May 15, 2015. Further, the Defendant's deadline for service of expert reports was April 27, 2015. The Court granted an extension of time to file Dr. Postal's supplemental report to May 1, 2015, (Docs. 145 & 148) and to April 17, 2015, (Docs. 146 & 149) for disclosure of Defendant's liability expert.

The Court only provided permission to complete the depositions of Dr. Postal and Defendant's liability expert after the deadlines above. Plaintiff was both prohibited by the Court's deadlines and by the practical circumstances of the situation from deposing Dr. Nelson. In his original report, Dr. Nelson made a finding that Ms. Redler was suffering from post-concussive syndrome. The sole change in the supplemental report was a review of medical records that should have been provided prior to issuance of the first report and a complete change in his conclusion. If this change in conclusion had been timely made, Plaintiffs would have deposed Dr. Nelson to find out the basis for this change. Further, the deadline for *Daubert* motions has passed, except as to the two experts for which the Court gave permission to depose out of time, preventing Plaintiffs from seeking his exclusion on other bases, such as the reliability of his methodology and data. This is a deficiency that cannot be cured at trial because deposition testimony is used precisely to prepare for cross-examination at trial. Therefore, Plaintiffs have been prejudiced; and it cannot be cured (**Factors 1 and 2**) counseling in favor of excluding the supplemental report.

Allowing Dr. Nelson's supplemental report would also disrupt the trial. Without the benefit of expert discovery on these altered conclusions, Plaintiffs will require significant time at trial to cross-examine Dr. Nelson, as much of the questioning will be on the spot in response to Dr. Nelson's testimony. This will necessarily lead to longer questioning time and more objections. As such, the delay allowing the untimely supplement would disrupt the trial and weighs in favor of

Redler v. Marriott Int'l　　　　　　　　　　　　　　　　　　　　　Case No. 3:14-cv-00017-CVG-RM
 Plaintiffs' Motion for Rule 26 Expert
Discovery Sanctions Against Defendant　　　　　　　　　　　　　　Page 4

excluding the report (**Factor 3**).

As to **Factor 4**, bad faith, the only evidence of bad faith is the 60 day delay of disclosure until after the expert discovery deadlines had passed. While it is difficult to determine willfulness from this, it is a reasonable inference that waiting to disclose a supplemental expert report until less than 60 days before trial and after the close of both expert discovery and the expiration of the *Daubert* motions deadline is evidence of some bad faith. Moreover, disclosing an expert report after the deposition deadline when the expert completely reverses his conclusions is further evidence of bad faith.

Finally, **Factor 5**, the importance of the evidence, weighs in favor of exclusion. Dr. Nelson is not the only expert that Defendants have retained to opine on Ms. Redler's current symptoms and diagnosis. Defendants have retained Karen Postal, Ph.D., an neuropsychologist, to offer the same opinions of Dr. Nelson. Therefore, this factor weighs in favor of exclusion of Dr. Nelson's supplemental report.

Because Plaintiffs have been incurably prejudiced by the late disclosure of the supplemental report of Dr. Nelson, allowing the report would disrupt the flow of trial, there is at least some evidence of bad faith, and the Defendant has an alternate source to present the same evidence, the report should be excluded.

**Conclusion**

In light of the foregoing, Plaintiffs request that the Supplemental Report of Dr. James Nelson be excluded and any testimony on the conclusions reported therein be excluded as well.

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　**LAW OFFICES OF KARIN A. BENTZ, P.C.**

Dated: June 29, 2015　　　　　　　　　　/s/ Karin A. Bentz
　　　　　　　　　　　　　　　　　　　　**Karin A. Bentz, Esq. (V.I. Bar No. 413)**
　　　　　　　　　　　　　　　　　　　　**Gregory Adam Thorp, Esq. (V.I. Bar No. 1117)**
　　　　　　　　　　　　　　　　　　　　5332 Raadets Gade, Suite 3
　　　　　　　　　　　　　　　　　　　　St. Thomas, VI 00802-6309
　　　　　　　　　　　　　　　　　　　　Telephone: 340-774-2669
　　　　　　　　　　　　　　　　　　　　Facsimile: 340-774-2665
　　　　　　　　　　　　　　　　　　　　Email: kbentz@virginalaw.com
　　　　　　　　　　　　　　　　　　　　　　　　athorp@virginlaw.com

Redler v. Marriott Int'l	Case No. 3:14-cv-00017-CVG-RM
Plaintiffs' Motion for Rule 26 Expert
Discovery Sanctions Against Defendant	Page 5

## Certificate of Service

I hereby certify that on this 29th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of the Virgin Islands of St. Thomas and St. John using the CM/ECF system, which automatically served opposing counsel in this case.

Hamilton, Miller & Birthisel LLP
Attn: Niva M. Harney-Hiller, Esq. LL.M.
150 Southeast 2nd Avenue, Suite 1200
Miami, FL 33131
Email: nharney@hamiltonmillerlaw.com
(305) 379-3686 Office (ext. 228)
(305) 379-3690 Facsimile

/s/ Karin A. Bentz